IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN L. DAWKINS, | § | |
| | § | |
| Defendant Below- | § | No. 356, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0210013335A (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  September 13, 2017
Decided:   September 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

This 21st day of September 2017, it appears to the Court that:

(1)     On September 1, 2017, the Court received the appellant's notice of appeal from a Superior Court order, docketed on July 31, 2017, denying the appellant's fifth motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before August 30, 2017.

(2)     The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1]  The appellant filed a

---

[1] Del. Supr. Ct. R. 29(b) (2017).

response to the notice to show cause on September 13, 2017. The appellant's response states that he mailed his notice of appeal before the expiration of the thirty-day appeal period, but the post office returned the document to him. The envelope containing both the notice of appeal and the motion to proceed *in forma pauperis* reflects that the mail was returned to the appellant for additional postage of $1.12. Thus, although the appellant attempted to mail his notice of appeal in a timely way, his failure to attach sufficient postage to the original mailing caused the notice of appeal to reach the Clerk's office after the expiration of the thirty-day period.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be *received* by the Office of the Clerk of this Court within the applicable time period to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] The appellant's untimely filing in this case is due to his own error and is not attributable to court personnel. Thus, the appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a) (2017).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).